IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LYNETTE THOMAS, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:25-cv-02783-TLP-cgc |
| JUDGE MELANIE TAYLOR, | ) |
| Defendant. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS COMPLAINT**

Pro se Plaintiff Lynette Thomas sued Defendant Judge Melanie Taylor, alleging that she made decisions related to state court between Plaintiff and her former partner violated her rights under the Fourteenth Amendment and the Americans with Disabilities Act. (ECF Nos. 1, 22.) Under Administrative Order No. 2013-05, this Court referred the case to Magistrate Judge Charmiane G. Claxton to manage all pretrial matters. Judge Claxton issued a Report and Recommendation ("R&R") in August 2025 recommending that the Court dismiss the Complaint after screening it under 28 U.S.C. § 1915(e)(2). (ECF No. 12.) Her R&R notified both parties that they had 14 days to object to the R&R.

Plaintiff objected to the R&R but misconstrued it to be denying her claims due to her *in forma pauperis* ("IFP") status. (*See* ECF No. 21.) But the R&R in fact granted Plaintiff IFP status. (ECF No. 12.) So Plaintiff's objections do not address the merits or substance of Judge Claxton's R&R. Plaintiff also filed many other motions and notices on the docket in August and

nominally amended her Complaint. But none of these Motions nor the Amended Complaint alter the Courts ruling on the R&R. (*See* ECF Nos. 7–11, 13–20, 22–23.)

In the R&R, Judge Claxton recommends dismissing Plaintiff's Complaint for failure to state a claim because Defendant has absolute judicial immunity from any suits arising out of the performance of her judicial functions. (ECF No. 12.) For the reasons below, this Court **ADOPTS** the R&R.

## BACKGROUND AND THE R&R

Plaintiff sued here on August 05, 2025. (ECF No. 1.) Judge Claxton screened the complaint, granted Plaintiff IFP status and issued an R&R dismissing the case on August 08, 2025. (ECF No. 12.) Plaintiff sued Defendant, a state court chancellor, claiming that she violated her due process rights "by removing her court-ordered parenting time without giving her a fair opportunity to be heard, treated her unequally by holding her in contempt while excusing her former partner for repeated violations of court orders, and denied her rights under the Americans with Disabilities Act by refusing to accommodate medical appointments." (ECF No. 12 at PageID 209 (citing ECF No. 2 at PageID 3).) Plaintiff seeks an injunction against Defendant preventing her from "issuing, enforcing or continuing to enforce any orders that interfere with Plaintiff's parenting rights," and "prohibit[ing] [her] from taking any further action that would interfere with [P]laintiff's parenting rights," and requiring her to "reinstate Plaintiff's current parenting plan" and to "remove all restrictions placed on Plaintiff's parenting time that were imposed without due process of law." (ECF No. 2 at PageID 4–5.) Plaintiff effectively seeks to relitigate unfavorable rulings in her custody dispute in state court.

Judge Claxton's R&R correctly notes that "it is 'well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions.'" (ECF

No. 12 at PageID 212 (quoting *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004)).) In fact, "The Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983." *Brookings*, 389 F.3d at 617 (citing *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Pierson v. Ray*, 386 U.S. 547, 554–55 (1967)). And "judicial immunity even extends to 'acts performed maliciously and corruptly as well as acts performed in bad faith or with malice,' as Plaintiff alleges occurred in this case." *Id.* Judge Claxton therefore recommends dismissal because Plaintiff challenges Defendant's rulings made in her role as chancellor.

## **LEGAL STANDARD**

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If the parties do not object, the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Judge Claxton entered her R&R on August 08, 2025. Plaintiff objected, but as noted above, her objections fail to address the substance of the R&R. The Court therefore reviews the R&R for clear error.

## **DISPOSITION**

Having reviewed the record, the Court finds no clear error in Judge Claxton's R&R. In fact, the Court agrees with her analysis.

3

Plaintiff sued here to challenge a state court judge's rulings in a child custody dispute. Without question, judicial immunity shields Defendant's actions here, and this Court declines Plaintiff's invitation to act as a state appellate court. Having found no clear error, the Court therefore **ADOPTS** the R&R's recommendation and **DISMISSES** the case.

The Court notes that Plaintiff filed several motions, notices, and an Amended Complaint both before and after Judge Claxton issued her R&R. (*See* ECF Nos. 7–11, 13–20, 22–23.) These filings name third parties and detail many events and extensive conduct. But "[a] court cannot create a claim which [a plaintiff] has not spelled out in [her] pleading," and "district judges have no obligation to act as counsel or paralegal to *pro se* litigants." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011); *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), *cert. denied*, 565 U.S. 966 (2011). Thus the Court declines to piece together events, individuals, and entities to attempt to create a viable cause of action for Plaintiff. The only person Plaintiff has sued is Defendant, and that suit should be dismissed. The remaining Motions are therefore **DENIED** as moot.[1] The Court, though, does

---

[1] The Court makes one exception to this ruling. Plaintiff has moved to seal every entry on the docket because of the personal information she has included in her filings. (ECF No. 7.) The Court **GRANTS** this Motion in part, and the Clerk is respectfully directed to seal ECF Nos. 2–3, 13–14.

not rule on the merits of any potential claim that might arise from the many facts put forward by Plaintiff.

## CONCLUSION

The Court has reviewed Judge Claxton's R&R and finds no clear error. And so the Court **ADOPTS** the R&R's recommendation. Accordingly, the Court **DISMISSES** Plaintiff's Claims against Defendant **WITH PREJUDICE**. The Court also **CERTIFIES** that any appeal by Plaintiff would not be taken in good faith and that Plaintiff may not proceed on appeal in forma pauperis.

**SO ORDERED**, this 25th day of February, 2026.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE